UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KERMIT JEROME MITCHELL | * | CIVIL ACTION NO. 17-6969 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| CORNERSTONE CHEMICAL COMPANY | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion to Appoint Counsel filed by plaintiff Kermit Jerome Mitchell (Rec. Doc. 3), which has been automatically referred to the undersigned magistrate judge along with the entire case pursuant to Local Rule 73.2. The Court conducted a telephone conference with Mr. Mitchell regarding the referenced Motion on September 7, 2017. For the following reasons, the Motion is DENIED.

Background

In May 2014, Mr. Mitchell filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that his employer, defendant Cornerstone Chemical Company ("Cornerstone"), discriminated against him because of his disability in violation of the Americans with Disabilities Act of 1990. Mr. Mitchell alleged that he went out on short-term disability beginning May 15, 2014. In his Complaint, he explains that he had hammer toe surgery around this time. Mr. Mitchell's complaint with the EEOC alleged that he was suspended from work on July 10, 2014, "pending final disposition," and that he was discharged on July 18, 2014. He said that Human Resources Director David Schnake discharged him for misrepresenting facts regarding his fitness for an accommodation to return to work with restrictions and that Mr. Schnake showed him a surveillance video of Mr. Mitchell driving from his home and back to his home on July 7,

1

2014. At the telephone conference, Mr. Mitchell said that Mr. Schnake accused him of staying home from work longer than other people who had undergone similar surgeries. Mr. Mitchell explained that around the time of his termination, he was intending to return to work on light duty, but he was first required to visit with Cornerstone's physician. He attempted to schedule an appointment, but this effort was hindered because he was under a driving restriction by his own physician related to his toe surgery and he was having difficulty coordinating with his driver to take him to the appointment. He says the nurse told him that he should not drive to the appointment if he was under a driving restriction. During the conference call, Mr. Mitchell admitted that he had been driving, but only short distances near his home. As such, when Mr. Mitchell was seen driving, apparently Mr. Schnake had a factual basis to believe that Mr. Mitchell was using his driving restriction as an excuse not to get the doctor's note he needed to return to work.

Mr. Mitchell's Complaint also indicates that he filed a Grievance that was denied in arbitration. During the telephone conference, Mr. Mitchell provided the Court with additional information about this Grievance. He explained that his union retained attorney Louis Robein to represent him and that he was represented at the arbitration proceeding. He stated that three witnesses testified, including Mr. Schnake. Mr. Mitchell confirmed that the arbitrator (J. Maxwell Williams) denied his Grievance.

On April 20, 2017, the EEOC dismissed Mr. Mitchell's complaint upon making the following determination:

> based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

Mr. Mitchell filed this lawsuit on July 21, 2017. Besides reference to the hammer toe surgery, the Complaint provides no further details regarding the alleged discrimination. Mr. Mitchell did not apply to proceed *in forma pauperis*, and he paid the $400 filing fee upon filing of the Complaint.

Mr. Mitchell has filed a Motion for the Appointment of Counsel pursuant to 42. U.S.C. 200e-5(f)(1). He asserts that he is unable to pay a lawyer, and that he has made efforts to obtain the service of a lawyer and has been unsuccessful. On September 7, 2017, the undersigned conducted a telephone conference with Mr. Mitchell to discuss his motion, the facts of his case, his efforts to obtain counsel, and his financial situation.

Mr. Mitchell informed the Court that he had spoken to several attorneys regarding this matter, including Robert Landry, Ron Wilson, Jody Jackson, James Arruebarrena, and Victor Farrugia. Mr. Mitchell said that Mr. Landry's office informed him that Mr. Landry was not taking cases. Mr. Mitchell said that he had two meetings with Mr. Farrugia and even paid him $500 before deciding not to proceed with Mr. Farrugia as counsel. Mr. Mitchell represented that prior to this, Mr. Farrugia told Mr. Mitchell that he would require an additional payment to take the case. Mr. Mitchell informed the Court that he has some money in savings, but he has not been working.

<u>Law and Analysis</u>

"Title VII provides for the appointment of an attorney for a Title VII complainant upon request 'in such circumstances as the court may deem just.'" <u>Gonzalez v. Carlin</u>, 907 F.2d 573, 579 (5th Cir. 1990) (quoting 42 U.S.C. § 2000e-5(f)(1)). The statute does not create an automatic right to counsel. <u>Id.</u> In determining whether to exercise its discretion to appoint counsel, the court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." <u>Id.</u> at 580. "No one factor is conclusive." <u>Buesgens v. Snow</u>, 169 F. App'x 869, 870 (5th Cir. 2006).

While the findings of the Equal Employment Opportunity Commission ("EEOC") regarding the merits of the plaintiff's claims are not determinative, the determination of the EEOC is highly probative. Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., 556 F.2d 1305, 1309 (5th Cir. 1977). For example, the United States Court of Appeals for the Fifth Circuit affirmed a district court's denial of a request for counsel although the plaintiff was unable to afford counsel and was unsuccessful in locating counsel[1] because his claims were weak. Buesgens, 169 F. App'x at 870. In assessing the merits of the plaintiff's claims, the district court found that the merits of plaintiff's claims did not weigh in favor of appointing counsel because "the pleadings contained little information to indicate the likelihood of the suit's success" and the EEOC concluded that "a preponderance of the evidence does not establish that discrimination occurred." Id.

The Court finds that Mr. Mitchell is not entitled to the appointment of counsel. At this stage, it does not appear that Mr. Mitchell's claims have sufficient merit to justify the appointment of counsel. Although he alleges in his suit and EEOC Charge that he was discriminated against as a result of a disability, he said in the telephone conference that he thought his age was a motivating factor. He also alleges that he was discharged for making false representations regarding his ability to work. This allegation contradicts his claim of disability discrimination and indicates that Mr. Mitchell's claim is not meritorious. During the telephone conference with the Court, Mr. Mitchell's account of the incident confirmed that he informed Cornerstone that he was under a

---

[1] In finding that plaintiff's efforts to obtain counsel did not weigh in favor of appointing counsel, the district court in Buesgens found that the plaintiff could have made additional efforts to seek counsel willing to proceed on a contingency basis. F. App'x at 870 (5th Cir. 2006). The Fifth Circuit observed that some courts consider the plaintiff's inability to obtain counsel to be an indication that the case lacks merit. Id. n. 1 (citing Poindexter v. F.B.I., 737 F.2d 1173, 1181 n. 12 (D.C. Cir. 1984). In Poindexter, the United States Court of Appeals for the District of Columbia Circuit contrasted the view that the private bar plays a role in "filtering out meritless cases," with the view that because it is difficult to prove discrimination and private attorneys incur financial risks in representing indigent clients, "one cannot assume only meritless cases will be filtered out.) Poindexter, 737 F.2d at 1173.

driving restriction, but he was in fact driving on some occasions (albeit in limited circumstances). This appears to support the reason that Cornerstone apparently provided to Mr. Mitchell for his termination: not disability, but misrepresentation. Further, as noted, the EEOC considered his claim and determined that it was "unable to conclude that the information obtained establishes violations of the statute." And Mr. Mitchell was represented by counsel at a formal arbitration of his Grievance, and the Grievance was also denied. These facts further indicate that Mr. Mitchell's claims are not likely to be successful. The Court notes that its ruling should not be interpreted as a final disposition of the merits of Mr. Mitchell's case because it is possible that if this case proceeds through discovery, additional information may be revealed in support of his claims. But at this time, because the EEOC and the arbitrator denied his claim and because Mr. Mitchell has not provided any facts in his Complaint or during the telephone conference that indicate his claim will ultimately be successful, the Court finds that Mr. Mitchell's case does not warrant the appointment of counsel. Because the Court is able to resolve Mr. Mitchell's Motion to Appoint Counsel pursuant to the first factor, the court does not consider his attempts to obtain counsel or his financial condition.

## Conclusion

For the foregoing reasons, Mr. Mitchell's Motion to Appoint Counsel is DENIED.

New Orleans, Louisiana, this 22nd day of September, 2017.

_____
Janis van Meerveld
United States Magistrate Judge